UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NOE LEIJA, RODRIGO SANCHEZ, PABLO CRUZ SANCHEZ, PABLO CRUZ LEIJA, JOSE LEIJA, SR., JOSE LEIJA, JR., HERIBERTO CRUZ, and FERNANDO CRUZ, individually and on behalf of all others similarly situated, | DOCKET NUMBER: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TRIDENT INDUSTRIAL, L.L.C. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant | |

**COMPLAINT FOR DAMAGES, UNPAID WAGES, OVERTIME AND PENALTIES**

**First Cause of Action: Collective Action Complaint**

**I. SUMMARY**

1. Noe Leija ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

2. Rodrigo Sanchez ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

3. Pablo Cruz Sanchez ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

4. Pablo Cruz Leija ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

5. Jose Leija, Sr. ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

6. Jose Leija, Jr. ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

7. Heriberto Cruz ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

8. Fernando Cruz ("Plaintiffs") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Trident Industrial, L.L.C. ("Defendant").

9. Plaintiffs and coworkers were employed by Defendant as "Laborers", performing manual labor to include hanging drywall, replacing receptacles, replacing sinks and tubs, minor demolition, and cleaning, as well as other home construction/remodeling duties.

10. Defendant required Plaintiffs and other "Laborers" to work at least 10-11 hours a day, for at least 7 days a week. As a result, "Laborers" often worked weeks consisting of 72-77 hours or more.

11. Defendant paid all "Laborers" a day rate, regardless of the number of hours worked. Further, Plaintiffs and coworkers never received overtime pay for work performed in excess of 40 hours in the workweek.

12. This collective action alleges that Defendant misclassified Plaintiffs and all "Laborers" as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II. JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA U.S.C. § 216(b).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

15. Noe Leija worked for Defendant as a "Laborers" from September 2016 through November, 2016, Rodrigo Sanchez worked for Defendant as a "Laborers" from September, 2016 through November, 2016, Pablo Cruz Sanchez worked for Defendant as a "Laborers" from September, 2016 through November, 2016, Pablo Cruz Leija worked for Defendant as a "Laborers" from September, 2016 through November, 2016, Jose Leija, Sr. worked for Defendant as a "Laborers" from September, 2016 through November, 2016, Jose Leija, Jr. worked for Defendant as a "Laborers" from September, 2016 through November, 2016, Heriberto Cruz worked for Defendant as a "Laborers" from September, 2016 through November, 2016 and Fernando Cruz worked for Defendant as a "Laborers" from September, 2016 through November, 2016. Defendant paid Plaintiffs on a day rate system without overtime for his work as a "Laborers". Plaintiffs consent to be a party plaintiffs have been filed with this Court as **Exhibit 1**.

16. The class of similarly situated employees ("Laborers") consists of:

**ALL "LABORERS" EMPLOYED BY TRIDENT INDUSTRIAL, L.L.C. IN THE PAST 3 YEARS WHO WERE PAID A DAY RATE.**

17. **TRIDENT INDUSTRIAL, L.L.C.** may be served with process through its registered agent: **TRIDENT INDUSTRIAL, L.L.C. through its Agent for Service of Process, Kevin Fontenot, 901 Lakeshore Drive, Suite 900, Lake Charles, LA 70601.**

## IV. COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 201(r).

20. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Plaintiffs and the "Laborers" were engaged in commerce or in the production of goods for commerce.

## V. FACTS

22. Trident Industrial, L.L.C. holds itself out as a "safety and industrial supply company". But after the August, 2016 flooding in Louisiana, it entered the housing construction and/or remodeling market and provided services to include cleaning homes,

light demolition, dry wall and sheetrock work, installing fixtures and receptacles, installing tubs and showers, and sinks. Defendant maintained locations in Louisiana.

23. To provide these services, Defendant employs "Laborers" on a date rate or per diem basis.

24. Defendant hires, trains and deploys these "Laborers" in Louisiana.

25. The "Laborers" position is not a job that requires advanced skill or intense study. "Laborers" are not highly trained mechanics, technicians or engineers. These "Laborers" perform mostly clerical type job duties.

26. Defendant strictly regulates the job duties performed by all "Laborers" to ensure certain performance standards are met.

27. "Laborers" are not allowed to vary from the job standards, means, methods and techniques which are all dictated by defendant.

28. "Laborers" have little to no discretion on how their jobs, or the jobs of others they work with, are performed.

29. Instead of paying "Laborers" overtime, Defendant pays "Laborers" a day rate.

30. Even though "Laborers" perform very routine, non-technical and manual labor job duties, Defendant uniformly did not pay overtime to the "Laborers".

31. "Laborers" were expected to work regularly 70-77 hours a week or more.

32. Such substantial overtime worked results in significant back wages owed to these workers.

33. All "Laborers" are paid on the same basis – a day rate with no overtime compensation. Additionally, they all perform the same or substantially the same job duties.

34. As the controlling law makes clear, Plaintiffs and the other similarly situated "Laborers" are non-exempt employees and are entitled to overtime for all hours worked in excess of 40 in a single workweek.

35. Based on the nature of plaintiffs' job duties and work, there are no FLSA exemptions applicable to them.

## VI. FLSA VIOLATIONS

36. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and others similarly situated overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees were neither reasonable, nor was the decision not to pay overtime made in good faith.

37. Accordingly, Plaintiffs and others similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

38. On information and belief, the reason that Plaintiffs and others similarly situated, i.e. their fellow "Laborers", did not receive overtime pay during the relevant time period is because Defendant willfully and intentionally misclassified Plaintiffs as "Consultants" and/or "Independent Contractors". Defendant misclassified Plaintiffs and others similarly situated in an effort to avoid having to pay the Plaintiffs and others similarly situated, overtime compensation required by the FLSA.

39. Based on the economic realities of the facts and circumstances in this matter, Defendant knew, or had reason to know, that Plaintiffs and others similarly situated, i.e. their fellow "Laborers", should have been classified as "Employees" and paid overtime for all their hours worked over forty (40) hours per week. As "Laborers" Plaintiffs and their

similarly situated individuals provided services essential to the fundamental business purpose of the Defendant, i.e. providing workers and services to companies engaged in oilfield exploration and production. These services, however, require no special skill. No prior experience was required for Plaintiffs and the similarly situated to work as "Laborers" for the Defendant.

40. As "Laborers", Plaintiffs and similarly situated individuals had no control over the manner and method by which they were paid. The manner and method of payment was determined solely by Defendant, who paid Plaintiffs and the similarly situated individuals on a "day rate" basis.

41. At all times herein, Defendant retained the right to discharge Plaintiffs and the similarly situated individuals without cause or notice.

42. As "Laborers", Plaintiffs and similarly situated individuals worked solely for Defendant on a full time and continuing basis. Plaintiffs and similarly situated individuals did not advertise their services to the general public, or work as "Laborers" for anyone other than Defendant.

43. Plaintiffs and similarly situated individuals were subject to the discretion and control of the Defendant with regard to the manner and means of their job performance. Moreover, they were closely supervised and directed by the Defendant.

44. As "Laborers", Plaintiffs and similarly situated individuals had no opportunity for profit or loss depending on their managerial skill.

45. Defendant also maintained records concerning the employment of Plaintiffs and similarly situated individuals. Upon information and belief, this included, for example, records of compensation and records of the hours worked by Plaintiffs and their similarly situated coworkers.

## VII. COLLECTIVE ACTION ALLEGATIONS

46. As described above, Plaintiffs and others similarly situated were victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

47. Many "Laborers" worked with Plaintiffs and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

48. Thus, Defendant imposed a uniform practice or policy on Plaintiffs and all similarly situated regardless of any individualized factors.

49. Plaintiffs and all "Laborers" received a day rate and job bonus, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

50. As described above, these "Laborers" are similarly situated to Plaintiffs in terms of relevant job duties, pay provisions, and employment practices.

51. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the employees.

52. Plaintiffs' experience is typical of the experiences of all "Laborers".

**Second Cause of Action: Unpaid Wages and State Law Penalties**

53. Plaintiffs in this matter worked as part of an eight-man crew for Defendant.

54. Defendant entered into an agreement with the eight-man crew wherein two (2) of their crew would be dedicated to housecleaning each day.

55. As part of the arrangement, Defendant promised to pay the crew an additional $400.00 per house to be divided evenly by the eight-man crew. This amount was in addition to the day rate they were paid.

56. On information and belief, the crew cleaned approximately 53 houses.

57. To date, despite demand, Defendant has refused to pay the additional wage.

58. Pursuant to LSA-R.S. 23:631 Defendant was required to pay all wages owed after the end of the Plaintiffs' employment with Defendant.

59. Defendant's refusal to pay the wages owed entitles Plaintiffs to penalties and attorney's fees pursuant to LSA-R.S. 23:632 *et. seq.* and Plaintiffs hereby make demand for same. This penalty is a day's wage ($250.00) multiplied by ninety (90) days or $22,500.00 for each named Plaintiff; $180,000.00 total.

## VIII. JURY DEMAND

60. Plaintiffs demand a trial by jury.

## IX. RELIEF SOUGHT

61. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

   a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiffs and all others similarly situated covered by this case;

   c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiffs and all others similarly situated plaintiffs;

   d. For a Judgment awarding Plaintiffs and all others similarly situated plaintiffs their costs of this action;

   e. For a Judgment awarding Plaintiffs and all others similarly situated plaintiffs pre- and post-judgment interest at the highest rates allowed by law;

f. Unpaid wages, penalties pursuant to LSA-R.S. 23:632 *et. seq.* and attorney's fees.

g. For all such other legal and equitable relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC

__/s/ Kenneth D. St. Pé_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043